IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| SILVESTRE RICO, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-296 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Silvestre Rico, Jr., an inmate confined within the Bureau of Prisons ("BOP"), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Respondent has filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #10.). As Respondent has presented information outside the pleadings, the filing will be considered as a Motion for Summary Judgment. See Fed.R.Civ.P. 12(d).

Factual Background

Petitioner contends that the BOP has improperly failed to award him earned time credits he is entitled to under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194. In addition, Petitioner states he is entitled to compassionate release because of his medical disabilities. He alleges there is a high risk he will die if he becomes ill as a result of being exposed to the COVID-19 virus. Finally, Petitioner asserts he was denied due process of law in connection with a prison disciplinary conviction for escaping from custody. As a result of the conviction, he was required to forfeit 41 days of previously-earned good conduct time credits. Petitioner states he was not permitted to attend his disciplinary hearing.

## The Motion for Summary Judgment

Respondent states Petitioner is incarcerated pursuant to two convictions. Petitioner was convicted of conspiring to possess with the intent to distribute five kilograms or more of cocaine in the United States District Court for the Southern District of Texas and sentenced to 151 months of imprisonment. He was subsequently convicted in this court of escaping from custody and sentenced to one year of imprisonment, with the sentence to run consecutively to his prior sentence.

With respect to Petitioner's claim under the FSA, Respondent asserts he is ineligible to receive earned time credits because of his conviction for escaping from custody. Respondent further states that Petitioner's request for compassionate release may only be asserted via motions in his criminal cases. Finally, Respondent contends Petitioner's claims regarding his disciplinary conviction are moot because his disciplinary conviction has been expunged.

## Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable [finder of fact] could [find in favor of] the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003). If the moving party meets this burden, "the non-moving party must show that summary judgment is not appropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

<u>Analysis</u>

*First Step Act*

The FSA allows prisoners to earn time credits towards prerelease custody or supervised release for successfully participating in evidence-based recidivism programming or productive activities. 18 U.S.C. § 3632(d)(4). However, not all prisoners are eligible to earn credits under the FSA. 18 U.S.C. § 3632(d)(4)(A) ("A prisoner, except for an ineligible prisoner under subparagraph (D), . . . shall earn time credits . . . ."). A prisoner is ineligible to receive time credits if the prisoner is serving a sentence for an offense listed in Section 3632(d)(4)(D). Escaping from custody is one of the offenses listed in that subsection. 18 U.S.C. § 3632(d)(4)((D)(xiv). As a result, a prisoner serving a sentence for escaping from custody is not eligible to receive earned time credits under the FSA.

As set forth above, Petitioner is serving two sentences. One sentence is based upon a conviction for escaping from custody. As a result, Petitioner is not eligible to receive credits under the FSA.

*Compassionate Release*

Petitioner seeks a compassionate relief from prison. A petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is the appropriate means for a prisoner to challenge his incarceration if he asserts he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). A request for compassionate release is not cognizable in a Section 2241 petition because it concerns the medical needs of the prisoner, not unconstitutional or illegal confinement. *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). As a result, Petitioner's claims regarding compassionate release may not be asserted in this Section 2241 petition. If Petitioner wishes to pursue his request for compassionate release, he may do so by filing motions to reduce sentence pursuant to 18 U.S.C. § 3582(c) in his criminal cases.

*Disciplinary Conviction*

Finally, petitioner challenges a prison disciplinary conviction. The punishment imposed as a result of the disciplinary conviction included the loss of 41 days of good conduct time.

Exhibit C to the Motion for Summary Judgment is a declaration from Christopher M. Wattier, the Discipline Hearing Administrator at the BOP's South Central Regional Office. Mr. Wattier states, in part, as follows:

> I reviewed the BOP files related to Incident Report #3315304, which charged Inmate Rico with an escape. Inmate Rico's disciplinary hearing was held initially in absentia as he was outside the BOP's custody, which was in compliance with BOP policy. Upon review, I decided that inmate Rico's incident report should be expunged due to a failure to follow policy. As such, the incident report was expunged on June 12, 2024, which resulted in the restoration of 41 days of good conduct time.

(Doc. #10-3 at 2-3.).

Under the United States Constitution, federal courts cannot issue advisory opinions nor "decide questions that cannot affect the rights of litigants in the case before them." *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). "The exercise of judicial power under Article III of the United States Constitution depends upon the existence of a case or controversy. Without an actual case or controversy, a federal court has no jurisdiction." *Id*. Further, an actual case or controversy must exist at all stages of the litigation, not merely at the time the initial pleading was filed. If a controversy that once existed no longer exists, a claim based on that controversy is moot. *Id*.

Mr. Wattier's Declaration establishes Petitioner's disciplinary conviction has been expunged and his forfeited good conduct time credits have been restored. The expungement of a disciplinary case renders a claim for federal habeas relief based upon that case moot. *Bailey v. Southerland*, 821 F.2d 277, 279 (5th Cir. 1987). As a result, Petitioner's claims regarding his disciplinary conviction are moot.

Conclusion

For the reasons set forth above, there is no genuine issue of material fact regarding Petitioner's claims and Respondent is entitled to judgment as a matter of law. The Motion for Summary Judgment should therefore be granted.

Recommendation

Respondent's Motion for Summary Judgment should be granted.

Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 1st day of August, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE